[Crim. No. 3933. Fourth Dist., Div. One. June 12, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
MICHAEL JOHN THORNTON et al., Defendants and Respondents.

## COUNSEL

James Don Keller, District Attorney, and James Lorenz, Deputy District Attorney, for Plaintiff and Appellant.

David M. Gill, under appointment by the Court of Appeal, for Defendants and Respondents.

## OPINION

**BROWN (Gerald), P. J.**—The grand jury indicted Michael John Thornton, Ronald Lee Walker, Robert Michael Turner and Randal Lee Pelton for possessing marijuana (Health & Saf. Code, § 11530) and for knowingly visiting a place where people were unlawfully smoking and using narcotics (Health & Saf. Code, § 11556). The district attorney had previously filed an information against the defendants charging the same offenses plus charges of contributing to the delinquency of a minor. The magistrate at the preliminary examination on the information did not bind defendants over for trial. The district attorney then sought and secured the indictment.

Defendants moved to set aside the indictment (Pen. Code, § 995) and to suppress the marijuana evidence (Pen. Code, § 1538.5). The motion to set aside the indictment was submitted on the transcript of the grand jury proceedings and denied. The motion to suppress evidence was submitted on the transcript of the preliminary examination in which the magistrate did not bind the case over, as well as the transcript of the grand jury proceedings. The court ruled the search which disclosed marijuana in the house where defendants were situated was an illegal search because the searching officer did not comply with the knock and announce requirements of Penal Code section 844. The court dismissed the action in the furtherance of justice as authorized by Penal Code section 1385. This appeal is by the People from the order of dismissal. The issue on appeal is whether substantial evidence supports the court's determination.

On February 27, 1969, a Mr. Fleming told San Diego Police Patrolman Zerbe he knew where Fleming's runaway 17-year-old stepson, Wayne

Proctor, was located. Fleming took Officer Zerbe to a house located just off the Miramar Naval Air Station grounds.

Officer Zerbe knocked on the door of the house. Tommy Ray Davis (who was indicted along with these defendants, but was not a party to the motions below and thus not involved in this appeal) opened the door slightly, leaving a night chain on. Officer Zerbe said he was "engulfed by smoke that resembled burning marijuana." Zerbe asked Davis if the house belonged to him. Davis said it did. Zerbe asked if Wayne Proctor was inside; Davis said he was. Zerbe told Davis to open the door. Davis closed the door, unlatched the chain, then opened the door. Zerbe entered the house, followed Wayne Proctor out through the back door, arrested him in the back yard and put him in Zerbe's police car.

Officer Zerbe and Davis re-entered the house. Inside were the four defendants involved in this appeal. In answer to Zerbe's questions, Davis admitted Proctor had been at the house for a number of days and Davis knew he had run away from home. Zerbe arrested Davis for contributing to the delinquency of Proctor.

Zerbe told Davis and the defendants he suspected they had been smoking marijuana. He advised them of their constitutional rights under *Miranda*. Zerbe then telephoned for police cover and after assistance arrived, searched each individual, then the residence. Under a cushion on the floor next to the front door of the house, Zerbe found a plastic bag containing 10 marijuana cigarettes and a quantity of bulk marijuana (the cigarettes and bulk marijuana totalled 23 grams).

Zerbe's search of the individual defendants disclosed Zig-Zag cigarette papers on defendant Turner and a metal clip on defendant Walker. Zerbe found another package of Zig-Zag papers behind a juke box in a small room off the living room. The police found marijuana debris in the clothing of each defendant except Turner.

After he found the plastic bag of marijuana under the cushion, Zerbe arrested defendants for possessing marijuana.

■ Officer Zerbe did not literally comply with the requirements of Penal Code section 844 when he first gained entry into the house. He knocked, he had his uniform on and he asked if Wayne Proctor was inside. When told Proctor was inside, Zerbe ordered Davis to open the door. Zerbe did not announce the purpose for which he demanded admittance. The court below found Davis did not consent to Zerbe's entry when he opened the door in response to Zerbe's demand. This factual finding is supported by reasonable inferences based upon Zerbe's testimony at the preliminary hearing he ordered the door opened. Before the grand jury

Zerbe mollified his testimony somewhat by saying he "asked [Davis] to open the door and he did." The court believed Zerbe's preliminary hearing testimony. We are of the view this entry without permission was a breaking (See *People* v. *Bradley,* 1 Cal.3d 80, 88, fn. 2 [81 Cal.Rptr. 457, 460 P.2d 129]).

Strict compliance with explaining the purpose for which admittance is desired may be excused where the police reasonably and in good faith believe the purpose for entry is already known to the occupant. Whether compliance with the explanation of purpose command of section 844 is excusable, is a question of fact to be determined by the trier of fact under the circumstances of the particular case (*People* v. *Perales,* 4 Cal.App.3d 773, 779-780 [84 Cal.Rptr. 604]).

Here the court reasonably found no circumstances prevailed which would excuse strict compliance with section 844. Little or no urgency existed when Zerbe demanded entry into the house. Zerbe had no reason to believe Davis and the defendants knew Proctor was a runaway or that Zerbe intended to arrest him. While Davis later admitted he knew Proctor had run away from home, Zerbe did not know this when he demanded the door be opened. None of the excuses for strict compliance with section 844, based upon likely destruction of evidence, escape of arrestee, physical danger to officer or frustration of arrest purposes, are suggested in the record here. Since the court's finding the circumstances did not excuse strict compliance with section 844 is supported by reasonable inferences based on the evidence in the record, that determination binds this court on appeal.

Order of dismissal affirmed.

Coughlin, J., and Whelan, J., concurred.