[Crim. No. 14152. First Dist., Div. One. Jan. 19, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD DUANE TURNER, Defendant and Appellant.

**COUNSEL**

Flickinger, Elliott & Nolan and Thomas J. Nolan, Jr., for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., and Peter R. Silten, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ELKINGTON, J.—Upon denial of his motion (under Pen. Code, § 1538.5) to suppress certain evidence essential to his prosecution for possession of a sawed-off shotgun (see Pen. Code, § 12020), and unlawful possession of a concealable firearm by a felon (see Pen. Code, § 12021), defendant Turner pleaded guilty to the latter charge. His appeal is "from the plea of guilty" which we treat as an appeal from the judgment thereafter entered.

The appeal concerns the validity of the search of certain premises in which the forbidden weapons were found by the police. The facts are substantially without dispute.

Turner had been previously convicted of a felony, i.e., selling or furnishing heroin, following which he had been placed on probation a condition of which, accepted by him, was that he "must submit to warrantless search of person, dwelling, auto, day or night by police officer or probation officer." A San Francisco police officer received information from an informant that Turner was in "present possession of a quantity of heroin at his home, also that he had some . . . sawed-off shotguns and some revolvers, small weapons." The officer first verified the fact of Turner's probation condition authorizing a warrantless search. He then called police of South San Francisco where Turner lived, and advised them of the information he had. He thereafter with two South San Francisco officers "went to the home of Mr. Turner and effected a search."

Arriving at the premises one of the officers knocked on the front door. Although there was no response the officers heard muffled noises coming from within. The officer knocked again and in a normal tone of voice called out, "Police officers. Open up." Again receiving no answer, he knocked for the third time and announced, "Police officers. Open up"; this time the knocking and the voice were louder. After waiting about a minute the officers, with a key previously obtained from Turner's landlord, unlocked the door and entered. Inside they found Turner and another person. A search of the apartment turned up the sawed-off shotgun and automatic pistol which were the subject of Turner's later motion to suppress.

I. ▮ Turner's first contention is that the police failure to fulfill the knock and notice requirements of Penal Code section 844 rendered the

ensuing search of his apartment invalid. The claimed shortcoming was the police officer's failure to *explain his purpose,* after identifying himself and demanding admittance, as is required by section 844.

The evidence indicates, and we must presume that the lower court found (see *People* v. *Thornton,* 8 Cal.App.3d 741, 745 [87 Cal.Rptr. 535]), that after the repeated demand, "Police officers. Open up," an express statement of purpose would be futile. ■ The applicable rule is restated in *People* v. *Hall,* 3 Cal.3d 992, 997 [92 Cal.Rptr. 304, 479 P.2d 664], as follows: " '[I]dentification alone could constitute substantial compliance with section 844 . . . if the surrounding circumstances made the officers' purpose clear to the occupants or showed that a demand for admittance would be futile.' " ■ And we observe that a principal purpose of the statute is to prevent the violence-prone confrontations that would often attend entry by an unknown intruder. (See *Duke* v. *Superior Court,* 1 Cal.3d 314, 321 [82 Cal.Rptr. 348, 461 P.2d 628].) That purpose was fully served here. The contention is without merit.

II. ■ Nor is merit seen in Turner's contention that his "waiver of a Fourth Amendment right [i.e., by accepting the probation condition here at issue] was neither knowing nor intelligent."

A similar contention was made in the case of *People* v. *Byrd,* 38 Cal.App.3d 941, 947 [113 Cal.Rptr. 777]. There the court said: "[I]n probation cases, where the defendant, as a condition to release, waives his Fourth Amendment right, there is no mandate that the court explain every nuance of every right which the defendant is waiving."

We consider also the ruling of *People* v. *Mason,* 5 Cal.3d 759, 764-766 [97 Cal.Rptr. 302, 488 P.2d 630] (cert. den., 405 U.S. 1016 [31 L.Ed.2d 478, 92 S.Ct. 1289]): "[P]ersons conditionally released to society, such as parolees, may have a reduced expectation of privacy, thereby rendering certain intrusions by governmental authorities 'reasonable' which otherwise would be invalid under traditional constitutional concepts, at least to the extent that such intrusions are necessitated by legitimate governmental demands. [Citations.] Thus, a probationer who has been granted the privilege of probation on condition that he submit at any time to a warrantless search may have no reasonable expectation of traditional Fourth Amendment protection. . . . [W]hen [a] defendant in order to obtain probation specifically agree[s] to permit at any time a warrantless search of his person, car and house, he [has] voluntarily waived whatever claim of privacy he might otherwise have had." (Fn. omitted.)

The above authority is applicable here; it establishes the invalidity of the instant contention.

III. Turner's final contention is stated as: "The Court below failed to comply with Evidence Code Section 1042(c) in not permitting Appellant to question the reliability of an informant in open court." The "informant" of the contention was the unidentified person who had advised the police officer of the existence of the weapons which were found in Turner's living quarters.

The evidence lacked any proof that the informant was previously known by the police to be reliable. Nor was there any contention by the People that the Fourth Amendment's traditional probable cause had been established. The prosecution argued only that the search at issue was "consensual."

Evidence Code section 1042, subdivision (c), amended 1969, provides, as relevant, that ". . . in any preliminary hearing, criminal trial, or other criminal proceeding, any otherwise admissible evidence of information communicated to a peace officer by a confidential informant, who is not a material witness to the guilt or innocence of the accused of the offense charged, is admissible *on the issue of reasonable cause to make an arrest or search* without requiring that the name or identity of the informant be disclosed if the judge or magistrate is satisfied, based upon evidence produced in open court, out of the presence of the jury, *that such information was received from a reliable informant* and in his discretion does not require such disclosure." (Italics added.)

It will be seen that section 1042, subdivision (c), concerns situations where there is before the court "the issue of reasonable cause to make an arrest or search." But here the accused had waived his Fourth Amendment right to be protected against police search "without reasonable cause." As pointed out: "[A] probationer who has been granted the privilege of probation on condition that he submit at any time to a warrantless search may have no reasonable expectation of traditional Fourth Amendment protection." (*People* v. *Mason, supra,* 5 Cal.3d 759, 765.) There was accordingly, in the superior court, no "issue of reasonable cause," and hence no issue whether the relied-upon information "was received from a reliable informant." The prerequisite for an Evidence Code section 1042, subdivision (c), hearing not appearing, there was no error in its denial.

But Turner also contends that, in any event, he should have been permitted to "delve into the possibility that the informant does not exist or that the informant is a figment of the officer's imagination." He premises this argument on *People v. Bremmer,* 30 Cal.App.3d 1058 [106 Cal.Rptr. 797], which holds (p. 1063) that unrestricted "search of a probationer by any and all law enforcement officers at their whim and caprice is a form of harassment that amounts to an unreasonable search proscribed by the Fourth Amendment."

We find *People v. Bremmer* to be distinguishable from, and otherwise inapplicable in the context of, the case at bench.

We have heretofore iterated the holding of the Supreme Court in *People v. Mason, supra,* 5 Cal.3d 759, 765, that: "[A] probationer who has been granted the privilege of probation on condition that he submit at any time to a warrantless search may have no reasonable expectation of traditional Fourth Amendment protection." The court elaborated. It said: to "accept defendant's interpretation of the probation condition [which was similar to that offered on the instant appeal] would defeat the acknowledged purposes of such a provision to deter further offenses by the probationer and to ascertain whether he is complying with the terms of his probation. 'With knowledge he may be subject to a search by law enforcement officers at any time, he will be less inclined to have narcotics or dangerous drugs in his possession. The purpose of an unexpected, unprovoked search of defendant is to ascertain whether he is complying with the terms of probation; to determine not only whether he disobeys the law, but also whether he obeys the law. Information obtained under such circumstances would afford a valuable measure of the effectiveness of the supervision given the defendant and his amenability to rehabilitation.' " Emphasized was the point that such a probation condition "is aimed at deterring or discovering subsequent criminal offenses," and is validly and reasonably " 'related to [the probationer's] reformation and rehabilitation in the light of the offense of which he was convicted.' " And the court concluded: "[When a] defendant in order to obtain probation specifically agreed to permit at any time a warrantless search of his person, car and house, he voluntarily waived whatever claim of privacy he might otherwise have had."

*People v. Constancio,* 42 Cal.App.3d 533 [116 Cal.Rptr. 910], relying on *People v. Mason,* held that a probation search there under review was reasonably required in order "to monitor the probationer's compliance with law."

■ From this authority it becomes clear that a valid probation search need not be founded on any report, or suspicion, or belief of continued misconduct. "[U]nexpected, unprovoked" searches are permitted (see *People* v. *Mason, supra*), since they are reasonably calculated "to monitor the probationer's compliance with law" (see *People* v. *Constancio, supra*).

■■■. It follows that in this area also there was no Fourth Amendment "issue of reasonable cause" since, with or without the informant's information, the officers were permitted to make the criticized search.

We have noted the comment of *People* v. *Mason, supra,* disclaiming any suggestion "that one who has accepted such a condition to the grant of probation is thereafter barred from objecting to the unreasonable manner in which that condition is carried out by police officers. For example, a probationer who claims unlawful harassment by officers in executing a search may seek appropriate relief from the trial court, . . ." (5 Cal.3d, p. 765, fn. 3.) *People* v. *Bremmer, supra,* 30 Cal.App.3d 1058, relied upon by Turner may, at least debatably, be deemed such a case. There police stopped a vehicle for a minor traffic offense; inquiry about the occupants' criminal records led to the disclosure that the female driver was subject to a probation search order, and then to a search of her effects and of the vehicle. *People* v. *Constancio, supra,* 42 Cal.App.3d 533, 539, declared that "the dicta in *Bremmer* purporting to limit probation searches only to those situations where the probationer is suspected of a repetition of past misconduct is *altogether too confining.*" (Italics added.) In the case at bench no contention is made of "harassment" by the officers in "executing the search."

The trial court did not err in rejecting Turner's request for an Evidence Code section 1042, subdivision (c), in-court hearing "on the issue of reasonable cause to make [a] search."

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 18, 1976.