[No. G010553. Fourth Dist., Div. Three. Dec. 17, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID WAYNE VIERS, Defendant and Appellant.

## COUNSEL

Gordon S. Brownell, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**WALLIN, J.**—David Wayne Viers appeals his conviction for transportation of a controlled substance and possession of a concealed weapon, contending his motion to suppress evidence was improperly denied. We affirm.

Detectives Shovlin and Peterson received information possible narcotics activity was taking place at the Roadway Inn. The motel manager informed them two separate rooms were receiving numerous phone calls and visitors. These rooms had been rented by the same person under two different names, and were paid for in cash daily for four days.

The detectives saw a Camaro and Mustang parked outside the rooms. After seeing two individuals go in and out of both rooms, the detectives parked across the street and watched. About an hour later Viers and a woman left the room, got into the Mustang and drove away. The officers called for assistance, believing narcotics activity was occurring. They followed the Mustang and noticed the registration was expired. They had Officer Seda, who answered their call for assistance, stop the Mustang for the registration violation.

Detective Peterson followed Officer Seda to the driver's side of the car while Detective Shovlin approached the passenger side. They saw Viers move his hands around in the back seat while they were approaching. Eventually, the officers saw and seized a loaded gun. A consent search yielded methamphetamine. Sometime after the stop, the officers discovered Viers was on probation.

 Viers asserts the stop was an unlawful pretext stop mandating exclusion of the evidence. However, as part of his plea in the case in which he was on probation, Viers specifically waived his Fourth Amendment rights and agreed "to submit [his] person and property . . . to search and seizure at any time of the day or night by any law enforcement or probation officer

with or without a warrant, and with or without reasonable cause, or reasonable suspicion." That waiver and agreement is dispositive of his pretext claim.

■ A probationer who consents to a warrantless search has "no reasonable expectation of traditional Fourth Amendment protection." (*People v. Mason* (1971) 5 Cal.3d 759, 765 [97 Cal.Rptr. 302, 488 P.2d 630].) Instead, the probationer lives " '[w]ith [the] knowledge he may be subject to a search by law enforcement officers at any time.' " (*Id.* at p. 763.) In *People v. Bravo* (1987) 43 Cal.3d 600 [238 Cal.Rptr. 282, 738 P.2d 336], the Supreme Court held that by agreeing in terms similar to those here, the defendant " 'waived whatever claim of privacy he might otherwise have had.' [Citation.] [It was] a complete waiver of [the] probationer's Fourth Amendment rights, save only his right to object to harassment or searches conducted in an unreasonable manner." (*Id.* at p. 607.)

■ ■ The only questions concerning application of the rule here are whether the officers must be aware of the waiver at the time they search, and whether the waiver applies to detentions as well as searches. In *In re Marcellus L.* (1991) 229 Cal.App.3d 134 [279 Cal.Rptr. 901], the court held "the officer's knowledge of the search condition . . . is irrelevant in determining its lawfulness." (*Id.* at pp. 143-144.) The court pointed out that the underlying intent and motivation of the officers involved is generally of no moment; the standard is *objective* reasonableness. (*Id.* at p. 143; see also *Scott v. United States* (1977) 436 U.S. 128, 138 [56 L.Ed.2d 168, 178, 98 S.Ct. 1717]; *People v. Le* (1985) 169 Cal.App.3d 186, 191-195 [215 Cal.Rptr. 106].)

We agree. The rule is particularly applicable when the issue is the officers' lack of knowledge of a search condition. The defendant has waived the protection of the Fourth Amendment. This is so whether the police know it or not. The police conduct is not justified by what the police know or whether it is objectively or subjectively reasonable. The defendant has waived the right to complain unless a search is conducted in an unreasonable manner or for the purpose of harassment. (*People v. Bravo, supra,* 43 Cal.3d at p. 607.)

The question remains whether Viers's waiver applies to detentions as well as searches. It does. ■ Although all of the published law has dealt with the lawfulness of *searches,* the cases speak broadly of a waiver of "Fourth Amendment protection." (*People v. Mason, supra,* 5 Cal.3d at p. 765; *People v. Bravo, supra,* 43 Cal.3d at p. 607.) Permission to detain is implicit in most Fourth Amendment waivers. A detention is a seizure of the person which is

subject to Fourth Amendment protection. (*California* v. *Hodari D.* (1991) 499 U.S. __ [113 L.Ed.2d 690, 111 S.Ct. 1547].) And, absent a detention the police cannot search a person and usually cannot search a container or vehicle under that person's control, items typically listed in Fourth Amendment waiver provisions.

■ Here, there was more than just an implicit waiver. Viers expressly agreed to "submit [his] person . . . to . . . seizure." In doing so, he waived his right to complain the detention was a pretext or lacked adequate cause.

The judgment is affirmed.

Sonenshine, Acting P. J., and Moore, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 12, 1992. Kennard, J., was of the opinion that the petition should be granted.