[No. G013337. Fourth Dist., Div. Three. Dec. 28, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MARIA ANN VELASQUEZ, Defendant and Appellant.

## Counsel

Ronald Y. Butler, Public Defender, Carl C. Holmes, Chief Deputy Public Defender, Thomas Hazlena and Brooks S. Talley, Deputy Public Defenders, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Barry J. T. Carlton and William M. Wood, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WALLIN, J.**—Maria Ann Velasquez appeals her conviction for sale of marijuana. (Health & Saf. Code, § 11360, subd. (a).) She pleaded guilty after her motion to suppress evidence on the grounds of an illegal arrest was denied. (Pen. Code, § 1538.5.) She was on probation at the time of the arrest. One of the probation conditions was a waiver of her Fourth Amendment rights and consent to searches and seizures.[1] On appeal, she contends the waiver does not extend to searches incident to an illegal arrest. We affirm.

A Santa Ana police officer was working undercover on the afternoon of June 27, 1992, when she observed Velasquez and a male companion walk to the front of a convenience store where they remained for about 30 minutes. A man entered the store, came out, and spoke to them. Velasquez's companion retrieved a plastic bag containing a dark substance from his waistband and gave it to the man in exchange for money. Officers arrested the man and seized the plastic bag which contained marijuana. The man said he purchased the marijuana from Velasquez's companion with a $20 bill.

Velasquez and her companion were arrested. In a booking search at the police department a $20 bill and a $1 bill were found on Velasquez. Her companion had a $5 bill and some $1 bills. At the time of her arrest, Velasquez was on probation for another drug offense. As a condition of probation, she specifically waived her Fourth Amendment rights and agreed to submit to any search and seizure by law enforcement officers without a warrant or probable cause. The trial court found Velasquez's arrest was

---

[1]Velasquez initialed each of the following provisions on March 22, 1990, when she pleaded guilty to a violation of Health and Safety Code section 11357, subdivision (c): "I understand that under the Fourth and Fourteenth Amendments to the United States Constitution, I have a right to be free from unreasonable searches and seizures. I hereby waive and give up this right, and further agree for the period during which I am on probation or parole, to submit my person and property, including any residence, premises, container or vehicle under my control to search and seizure at any time of the day or night by any law enforcement, parole, or probation officer with or without a warrant, and with or without reasonable cause or reasonable suspicion."

"Submit your person and property, including any residence, premises, container or vehicle under your control to search and seizure at any time of the day or night by any law enforcement or probation officer with or without a warrant, and with or without reasonable cause, or reasonable suspicion."

without probable cause, but refused to suppress the evidence because of the probation condition.

█ The People concede that Velasquez's arrest lacked probable cause, but argue that she consented to seizures of her person, including arrests without probable cause, when she accepted probation conditioned upon a search and seizure provision. Any subsequent search of her person under the probation condition was legitimate.

The sole issue here is whether by consenting to the search and seizure condition Velasquez waived the right to assert the illegality of her arrest. █ The Fourth Amendment protects against unlawful searches and seizures. However, its protections may be waived. "[A] probationer who has been granted the privilege of probation on condition that he submit at any time to a warrantless search may have no reasonable expectation of traditional Fourth Amendment protection." (*People* v. *Mason* (1971) 5 Cal.3d 759, 765 [97 Cal.Rptr. 302, 488 P.2d 630].) In *People* v. *Bravo* (1987) 43 Cal.3d 600 [238 Cal.Rptr. 282, 738 P.2d 336] the Supreme Court held a probationer's agreement to " 'submit his person and property to search or seizure at any time of the day or night by any law enforcement officer with or without a warrant[,]' " was a complete waiver of his Fourth Amendment rights, "save only his right to object to harassment or searches conducted in an unreasonable manner." (*Id.* at pp. 602, 607.) Furthermore, the officer need not be aware of the waiver at the time of the search and seizure. (*People* v. *Viers* (1991) 1 Cal.App.4th 990, 993 [2 Cal.Rptr.2d 667]; *In re Marcellus L.* (1991) 229 Cal.App.3d 134, 143 [279 Cal.Rptr. 901].) The search need only be objectively reasonable and cannot be undertaken for harassment or "for arbitrary or capricious reasons." (*People* v. *Bravo, supra*, 43 Cal.3d at p. 610.)

Recently, in *People* v. *Viers, supra*, 1 Cal.App.4th 990, we held the identical probation condition precluded a probationer from challenging the legality of a detention. "Although all of the published law has dealt with the lawfulness of *searches*, the cases speak broadly of a waiver of 'Fourth Amendment protection.' [Citations.] Permission to detain is implicit in most Fourth Amendment waivers. A detention is a seizure of the person which is subject to Fourth Amendment protection. [Citation.]" (*Id.* at pp. 993-994.) An arrest is also a seizure subject to Fourth Amendment protections. (See *Wilson* v. *Superior Court* (1983) 34 Cal.3d 777, 784 [195 Cal.Rptr. 671, 670 P.2d 325] [the three levels of police contacts subject to Fourth Amendment protections are consensual encounter, investigative detention, and arrest].) The question is whether an arrest is beyond the scope of the waiver.

In *People* v. *Bravo, supra*, 43 Cal.3d 600, the court noted the scope of a probationer's waiver of her Fourth Amendment rights must be based on an

objective test. The condition "must therefore be interpreted on the basis of what a reasonable person would understand from the language of the condition itself, not on the basis of [the probationer's] subjective understanding, or under a strict test in which a presumption against waiver is applied." (*Id.* at p. 607.) ▮ We do not consider it a strained interpretation of the waiver to extend it to arrests, even though an arrest is a more intrusive invasion of Fourth Amendment rights than a detention. *Bravo* emphasized that by agreeing to a search and seizure condition a probationer makes a *complete* waiver of her Fourth Amendment rights. (*Ibid.*)

We hold here today only that by waiving her Fourth Amendment rights Velasquez has waived her right to seek suppression of evidence seized during the search incident to her arrest. Our holding does not leave a probationer without protection. Any search or seizure must still be viewed by the standards of *Bravo*. A detention or arrest may not be undertaken for harassment, must have a legitimate law enforcement purpose, and must not be undertaken for arbitrary or capricious reasons. (43 Cal.3d at p. 610.) Furthermore, nothing in our opinion precludes a probationer from pursuing civil remedies for illegal police conduct.

Our dissenting colleague argues that any illegal arrest is necessarily one which has no legitimate law enforcement purpose and therefore can never be within the scope of a Fourth Amendment waiver. We disagree. A simple detention and search at the scene of an observed narcotics transaction is not harassment with no legitimate law enforcement purpose. Perhaps had the officers searched Velasquez but found nothing and arrested her anyway, she would have cause to complain of harassment.

But here, the officers believed they had observed a drug sale take place and arrested Velasquez accordingly, discovering the challenged evidence during the search incident to that arrest. The police did not know Velasquez was under a search and seizure condition. We cannot say Velasquez's arrest was without a legitimate law enforcement purpose, or that it was undertaken to harass. Just as she would not have been entitled to seek suppression of the evidence had it been discovered during a detention search (*People* v. *Viers*, *supra*, 1 Cal.App.4th at pp. 993-994), Velasquez may not seek suppression of the evidence found during a search incident to her arrest.

The judgment is affirmed.

Sills, P. J., concurred.

CROSBY J., Dissenting.—"Round up the usual suspects!" These words, once as foreign to American justice as Casablanca is to Santa Ana, may

become commonplace if today's ill-advised decision ever becomes the law of the land.

My research has turned up no reported decision approving an otherwise illegal arrest merely because it turns out the arrestee has consented to probation searches. Nor would one expect to find one, since a "search condition must [ ] be interpreted on the basis of what a reasonable person would understand from the language of the condition itself . . . ." (*People* v. *Bravo* (1987) 43 Cal.3d 600, 607 [238 Cal.Rptr. 282, 738 P.2d 336].) No reasonable person would expect a waiver of the right to be free from searches and seizures without cause or warrant to include a waiver of the right to be free from illegal arrests. This court's questionable opinion in *People* v. *Viers* (1991) 1 Cal.App.4th 990 [2 Cal.Rptr.2d 667] pushed the Fourth Amendment to the outer limit; now the majority simply erases it from the Constitution. Even in *Bravo,* the Supreme Court limited probation searches to "rehabilitative and reformative purposes of probation or other legitimate law enforcement purposes." (*People* v. *Bravo, supra,* at p. 610.) Illegal arrests are not "legitimate law enforcement purposes."

I would reverse.

Appellant's petition for review by the Supreme Court was denied April 13, 1994. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.