**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Norman Lee OOLEY, Jr.,**
**Defendant–Appellant.**

No. 96–50279.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted
March 6, 1997, as to Appellant.

Submitted March 6, 1997,

as to Appellee *.

Decided June 25, 1997.

---

\* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument as to appellee. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

Gerard J. Wasson, Federal Defenders of San Diego, Inc., San Diego, CA, for defendant-appellant.

David P. Curnow, Assistant United States Attorney, San Diego, CA, for plaintiff-appellee.

Before: SCHROEDER, WIGGINS, and LEAVY, Circuit Judges.

LEAVY, Senior Circuit Judge:

In this case we must determine whether the district court erred by denying without an evidentiary hearing a motion to suppress evidence obtained in a warrantless search of the defendant's residence. For the reasons which follow, we vacate and remand for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

On December 29, 1994, Norman Lee Ooley, Jr. was convicted in California state court on a charge of second degree burglary. As a condition of his probation, Ooley agreed in writing to a so-called "Fourth Waiver", *i.e.*, he consented to "[s]ubmit [his] person, property, place of residence, vehicle, personal effects to search at any time with or without a warrant, and with or without reasonable cause, when required by the P.O. [probation officer] or other law enforcement officer." SER at 2.

Less than six months later, Escondido police officers arrested Ooley on suspicion of burglary following a high speed automobile chase. In Ooley's truck police found burglary tools and weapons, including ammunition and a loaded "zip gun." Shortly thereafter, Escondido police officers conducted a warrantless search of Ooley's residence where they found, *inter alia*, a loaded pistol and ammunition. The Escondido police contacted the federal Bureau of Alcohol, Tobacco and Firearms ("ATF"). The ATF later determined that the pistol and ammunition seized from Ooley's house had not been manufactured in California.

On September 20, 1995, a federal grand jury handed down a three-count indictment charging Ooley with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). Ooley filed various pretrial motions, including a motion to suppress the evidence against him. In that motion, Ooley argued that the warrantless search of his residence had been an investigation search rather than a probation search and therefore ran afoul of the Fourth Waiver condition of his probation. The district court denied Ooley's motion to suppress without conducting an evidentiary hearing. Ooley then entered a conditional guilty plea to all three counts of the indictment pursuant to Fed.R.Crim.P. 11(a)(2). The district court sentenced Ooley to fifteen months in prison, two years of supervised release, and imposed a $150 penalty assessment. Ooley has timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and review *de novo*. *See United States v. Polanco*, 93 F.3d 555, 560 (9th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 405, 136 L.Ed.2d 319 (1996).

## ANALYSIS

The government argues that Ooley consented to the warrantless search of his residence by having accepted, as a condition of his probation, the state's requirement that

he relinquish his Fourth Amendment protections. The government further asserts that we must look solely to California law rather than to federal law in order to determine the legality of the warrantless search of Ooley's residence. While conceding, as he must, the legality of the Fourth Waiver as a condition of his state probation, *see Griffin v. Wisconsin,* 483 U.S. 868, 872–73, 880, 107 S.Ct. 3164, 3167–68, 3172, 97 L.Ed.2d 709 (1987), Ooley argues that the validity of a warrantless search conducted by state law enforcement officers is ultimately a question of federal law.[1]

Ooley is right. While federal courts must look to state law to determine the validity of the underlying probation condition itself, *id.* at 875, 107 S.Ct. at 3169, and may consider state precedent for its persuasive value, *United States v. Davis,* 932 F.2d 752, 758 (9th Cir.1991) (as amended), "the validity of a search conducted by state law enforcement officers is ultimately a question of federal law." *Id.*

 With respect to probationers, we have long recognized that the legality of a warrantless search depends upon a showing that the search was a true probation search and not an investigation search. *See, e.g., United States v. Vought,* 69 F.3d 1498, 1501 (9th Cir.1995); *United States v. Watts,* 67 F.3d 790, 794 (9th Cir.1995), *rev'd on other grounds,* —— U.S. ——, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *United States v. Davis,* 932 F.2d at 758; *United States v. Harper,* 928 F.2d 894, 897 (9th Cir.1991); *United States v. Butcher,* 926 F.2d 811, 815 (9th Cir.1991); *United States v. Richardson,* 849 F.2d 439, 441 (9th Cir.1988); *United States v. Jarrad,* 754 F.2d 1451, 1454 (9th Cir.1985); *United States v. Cordova,* 650 F.2d 189, 190 (9th Cir.1981) (per curiam); *United States v. Consuelo–Gonzalez,* 521 F.2d 259, 263 (9th Cir.1975) (en banc) (federal probationer); *Latta v. Fitzharris,* 521 F.2d 246, 249 (9th

Cir.1975) (en banc); *Smith v. Rhay,* 419 F.2d 160, 162–63 (9th Cir.1969).

 Unlike an investigation search, a probation search should advance the goals of probation, the overriding aim of which "is to give the [probationer] a chance to further and to demonstrate his rehabilitation while serving a part of his sentence outside the prison walls." *Latta v. Fitzharris,* 521 F.2d at 249. *See also United States v. Merchant,* 760 F.2d 963, 969 (9th Cir.1985) (a probation search must involve "a genuine attempt to enforce probation"). While the warrantless search of a probationer's home need not necessarily be initiated, conducted, or even supervised by a probation officer to qualify as a probation search, it cannot be a mere "subterfuge" enabling the police to avoid having to obtain a search warrant (oftentimes characterized as using probation officers as "stalking horses" for the police). *See United States v. Davis,* 932 F.2d at 758 (at a minimum, the "police must have reasonable suspicion, that an item to be searched is owned, controlled, or possessed by probationer, in order for the item to fall within the permissible bounds of a probation search").

 The district court's denial of Ooley's motion to suppress can be upheld only if the record shows that the warrantless search was a true probation search and not an investigation search. As we are unable to determine from this record whether the conduct complained of was a probation search rather than an investigation search, the decision of the district court must be vacated and the case remanded for an evidentiary hearing on this issue.

VACATED and REMANDED for further proceedings.

---

1. Ooley also contends that the search was improper because the police conducted it without first determining whether Ooley was a probationer subject to a Fourth Waiver condition. This contention finds no support in the law. *See People v. Velasquez,* 21 Cal.App.4th 555, 26 Cal. Rptr.2d 320, 321–22 (1993) (investigating offi-

cer's lack of knowledge concerning adult defendant's probationary status irrelevant for purposes of Fourth Waiver searches under California law); *In re Tyrell J.,* 8 Cal.4th 68, 32 Cal.Rptr.2d 33, 44, 876 P.2d 519, 530 (1994) (same with respect to juvenile offender).