JUSTICE KINSER, with whom JUSICE LACY and JUSTICE HAS-SELL
join, concurring.
I concur in the majority’s decision to affirm the judgment of the Court of Appeals only because I conclude that Lemar Jamie Anderson voluntarily, with advice of counsel, entered into the plea agreement in which he waived his Fourth Amendment right against unreasonable searches and seizures and agreed to submit to such searches at any time, by any law enforcement officer. Anderson obviously accepted this broad waiver because he was bargaining with the Commonwealth in order to avoid incarceration.
However, I draw a distinction between this case and one in which a trial court imposes the same broad waiver of Fourth Amendment rights as a condition of probation when the defendant has not consented to the waiver in a plea agreement. In the latter situation, I believe that such a waiver might be constitutionally impermissible if it allowed law enforcement officers to conduct warrantless searches of probationers for investigative purposes, as was done in this case, rather than limiting such searches to those that are reasonably related to furthering the goals of probation. See United States v. Ooley, 116 F.3d 370, 372 (9th Cir. 1997), cert. denied, _ U.S. _, 118 S.Ct. 2391 (1998) (holding that legality of warrantless search of probationer depends upon showing that search was true probation search and not investigative search); State of New Hampshire v. Zeta Chi Fraternity, 696 A.2d 530, 540 (N.H.), cert. denied, _ U.S. _, 118 S.Ct. 558 (1997) (“[Wjhen a condition of probation authorizes random warrantless searches and the condition is reasonably related to the supervision and rehabilitation of the probationer, a warrantless probation search is constitutionally permissible.”). Otherwise, law enforcement officers could use the condition of probation waiving Fourth Amendment rights as a subterfuge to turn every unreasonable search of a probationer into a lawful one.
Because of these concerns, I write separately and respectfully concur.