[No. G033785. Fourth Dist., Div. Three. Nov. 23, 2004.]

DONALD CLARK MYERS, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party In Interest.

**COUNSEL**

Deborah A. Kwast, Public Defender, Thomas Havlena, Chief Deputy Public Defender, Kevin J. Phillips and Martin F. Schwarz, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney, and Stephan L. Sauer, Deputy District Attorney, for Real Party in Interest.

**OPINION**

**O'LEARY, Acting P. J.**—Petitioner, Donald Clark Myers, argues the trial court erroneously denied his motion to suppress because the evidence was seized as a result of an illegal search. He contends the search was illegal because the officer did not know he was on probation and subject to a search and seizure condition when he was searched. We agree and order a writ of mandate commanding the trial court to vacate its order denying the motion to suppress and enter a new order granting the motion. The petition is granted.

## FACTS

In September 2003, Myers pled guilty to resisting arrest. He was placed on three years informal probation, which included a " 'search and seizure' " condition.[1] The search and seizure condition stated: " 'I understand that under the Fourth and Fourteenth Amendments to the United States Constitution, I have a right to be free from unreasonable searches. I waive and give up this right. If I am granted probation, I agree to submit my person and property . . . to search and seizure at any time of the day or night by any law enforcement or probation officer with or without a warrant, and with or without reasonable cause or reasonable suspicion.' "

---

[1] The parties stipulated to the facts for purposes of Myers's motion to suppress.

In November 2003, Officer Paul Irish was on patrol when he saw Myers walking on the street. Irish got out of his car and "contacted" Myers who was smoking a cigarette. Irish asked Myers whether he was on parole or probation. Myers said "that he had discharged [from] parole . . . and was not on probation." Myers "motioned" as if he was putting his hands in his pockets, and Irish instructed him not to. Irish told Myers "he was going to pat him down for weapons." Irish grabbed Myers hands and put "them on top of his head." Myers said, "he was not consenting to a search." Irish continued to search Myers and "found a legal folding knife" and a plastic bag in his right front pants pocket. Irish put the knife in "his own pocket." Believing the bag contained a controlled substance, he opened it and found four more bags containing a total of 7.4 grams of methamphetamine. Irish arrested Myers and transported him to jail where he learned Myers "was on probation and subject to search and seizure."

Myers was charged by felony complaint with one count of possessing for sale a controlled substance (Health & Saf. Code, § 11378) and one count of street terrorism (Pen. Code, § 186.22, subd. (a)). As to the possession for sale count, the complaint alleged Myers committed the offense for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)). The complaint also alleged Myers had suffered a prior prison term within the meaning of Penal Code section 667.5, subdivision (b). After the preliminary hearing where Myers was held to answer and bound over for trial, an information charged Myers with the same offenses and enhancements as the complaint. At his arraignment, Myers pled not guilty.

Myers filed a motion to suppress evidence pursuant to Penal Code section 1538.5. The parties stipulated Irish's search of Myers was conducted "without a warrant, probable cause, or reasonable suspicion." The trial court denied Myers's motion stating: "The court finds that the rationale of [*People v. Sanders* (2003) 31 Cal.4th 318 [2 Cal.Rptr.3d 630, 73 P.3d 496] (*Sanders*)] is applicable only to parole situations. The court finds that explicitly stated in that opinion is the distinction between the consensual nature of a grant of probation, and especially the grant of probation in this case that is the subject of that motion, where it was the subject of a plea bargain." Myers filed a petition for writ of mandate/prohibition. We granted his request to stay the matter pending the outcome of this proceeding.

### DISCUSSION

"A search conducted without a warrant is unreasonable per se under the Fourth Amendment unless it falls within one of the 'specifically established and well-delineated exceptions.'" (*People v. Woods* (1999) 21 Cal.4th 668, 674 [88 Cal.Rptr.2d 88, 981 P.2d 1019].) Consent is one of those

exceptions. (*Ibid.*) ■ "[A] person may validly consent in advance to warrantless searches and seizures in exchange for the opportunity to avoid serving a state prison term." (*People v. Robles* (2000) 23 Cal.4th 789, 795 [97 Cal.Rptr.2d 914, 3 P.3d 311] (*Robles*).) By accepting a search and seizure condition, a probationer is giving advance consent to search. (*People v. Bravo* (1987) 43 Cal.3d 600, 610 [238 Cal.Rptr. 282, 738 P.2d 336].) The search must not exceed the scope of the consent. (*Id.* at p. 605.) Persons that have agreed to a search and seizure condition have a severely diminished expectation of privacy. (*Robles, supra,* 23 Cal.4th at p. 798.) ■ "[I]n reviewing a lower court's ruling on a motion to suppress evidence, . . . '[we review] questions of law . . . independently to determine whether the challenged seizure meets constitutional standards of reasonableness.' " (*People v. White* (2001) 93 Cal.App.4th 1022, 1025 [113 Cal.Rptr.2d 584].)

The parties agree Irish searched Myers "without a warrant, probable cause[,] or reasonable suspicion." Myers argues the otherwise illegal search cannot be justified as a probation search when Irish did not know he was on probation and subject to a search condition when Irish searched him. The district attorney contends Myers "waived [his] . . . right to be free from unreasonable searches and seizures," and he consented to the search by accepting the search and seizure condition *regardless of whether Irish had knowledge of this fact.*

■ We agree that by accepting the search and seizure condition as part of his probation agreement Myers consented in advance to be searched. However, we find that for a probation search to be valid pursuant to a search and seizure condition, the officer must know the person is on probation at the time of the search.

In *Sanders, supra,* 31 Cal.4th 318, police officers discovered cocaine during a protective sweep of an apartment shared by two defendants. After *discovering* the cocaine, an officer contacted the police department and learned one of the defendants was on parole with a search condition. The officer conducted a parole search of the apartment and *seized* the cocaine. (*Id.* at p. 323.) The California Supreme Court concluded the search was unlawful as to the defendant who was not subject to a search condition. (*Id.* at p. 330.) The court then addressed the issue of whether the search was unlawful as to the defendant on parole. (*Id.* at p. 331.)

■ The court stated that "[a] parolee's expectation of privacy certainly is diminished, but it is not eliminated." (*Sanders, supra,* 31 Cal.4th at p. 332.) The court explained that "whether a search is reasonable must be determined based upon the circumstances known to the officer when the search is conducted . . . ." (*Id.* at p. 332.) The court examined the totality of the

circumstances, "with two salient circumstances being [the defendant's] parole search condition and the officer's lack of knowledge of that condition." (*Id.* at p. 333.)

Relying on *People v. Reyes* (1998) 19 Cal.4th 743 [80 Cal.Rptr.2d 734, 968 P.2d 445], the *Sanders* court observed, "[W]hether the parolee has a reasonable expectation of privacy is inextricably linked to whether the search was reasonable. A law enforcement officer who is aware that a suspect is on parole and subject to a search condition may act reasonably in conducting a parole search even in the absence of a particularized suspicion of criminal activity, and such a search does not violate any expectation of privacy of the parolee." (*Sanders, supra,* 31 Cal.4th at p. 333.) The court warned, "But our reasoning in *Reyes* does not apply if the officer is unaware that the suspect is on parole and subject to a search condition. Despite the parolee's diminished expectation of privacy, such a search cannot be justified as a parole search, because the officer is not acting pursuant to the conditions of parole." (*Ibid.*) The court held "that an otherwise unlawful search of the residence of an adult parolee may not be justified by the circumstance that the suspect was subject to a search condition of which the law enforcement officers were unaware when the search was conducted." (*Id.* at p. 335.)

In *People v. Bowers* (2004) 117 Cal.App.4th 1261 [13 Cal.Rptr.3d 15] (*Bowers*), the court addressed the issue of whether the search of the defendant pursuant to a probation search condition was justified where the police officer who conducted the warrantless search was unaware of the condition at the time of the search. The defendant was standing in front of a house when an officer searched him and found a glass pipe and methamphetamine. (*Id.* at pp. 1264–1265.) The defendant was on probation and subject to a search condition, although the officer did not know this at the time of the search. (*Ibid.*)

The *Bowers* court originally held the case was controlled by *In re Tyrell J.* (1994) 8 Cal.4th 68 [32 Cal.Rptr.2d 33, 876 P.2d 519] (*Tyrell J.*), and denied the defendant's motion to suppress. (*Bowers, supra,* 117 Cal.App.4th at pp. 1263–1264.) The California Supreme Court granted review and remanded the matter back to the court after rendering its decision in *Sanders.* (*Bowers,.* at p. 1264.) The court concluded that after the *Sanders* decision, the only basis for distinguishing *Sanders* from *Tyrell J.* was the fact *Tyrell J.* involved a juvenile offender. (*Bowers,* at p. 1268.) "In every other respect, the Supreme Court's discussion of *Tyrell J.* throughout *Sanders* was clearly disapproving." (*Bowers,* at p. 1269.) The court held that because the defendant was not on juvenile probation, *Sanders* compelled the conclusion that the search violated his Fourth Amendment rights because the officers did not know he was on probation at the time of the search. (*Bowers,* at pp. 1270–1271; *People v.*

*Hoeninghaus* (2004) 120 Cal.App.4th 1180, 1192 [16 Cal.Rptr.3d 258] (*Hoeninghaus*) [because officer was unaware of defendant's probation search condition, mere fact defendant was subject to condition cannot validate warrantless search].)

*Sanders* concerned a *parolee* who had no choice but to accept the search condition. Our case is similar to *Bowers*, which dealt with a *probationer* who could have refused to accept the search condition. Like the *Bowers* court, we can rely on *Sanders'* reasoning to hold a *probationer's* search condition does not justify a search where the police officer conducting the warrantless search was unaware of the condition at the time of the search.

■ The *Sanders* court stated that "whether a search is reasonable must be determined based upon the circumstances known to the officer when the search is conducted . . . ." (*Sanders, supra,* 31 Cal.4th at p. 332.) This requirement "is consistent with the primary purpose of the exclusionary rule—to deter police misconduct. The rule serves ' "to compel respect for the constitutional guaranty in the only effectively available way—by removing the incentive to disregard it." ' " (*Id.* at p. 334.) Relying on *Sanders*, the *Bowers* court explained, "an officer performing a search without knowledge that a suspect is either a parolee or a probationer is not acting pursuant to *any* applicable search conditions. Therefore, in neither case can the search be justified by those search conditions, whether they derive from parole or probation." (*Bowers, supra,* 117 Cal.App.4th at pp. 1269–1270; *Hoeninghaus, supra,* 120 Cal.App.4th at pp. 1194–1195.)

Irish searched Myers without knowing he was on probation and subject to a search condition. Thus, he was not acting pursuant to the search condition, and because he did not have a warrant, probable cause, or reasonable suspicion, the search was unreasonable.

■ It is also of no concern that *Sanders* involved the search of a *residence* and Irish searched Myers's *person*. "The Fourth Amendment applies as much to the protection of 'persons' against unreasonable search and seizure as it does to residences. *Sanders'* concern is with preventing officers from executing searches without having contemporaneous knowledge of the circumstances justifying such a search. That concern applies equally to both personal and residential searches. [Citations.] From this, we infer that the Supreme Court's disapproval in *Sanders* of retroactive justification of a warrantless search of a residence due to a suspect's search condition, of which the searching officers were unaware at the time, applies as well to a similarly unlawful warrantless search of a suspect's actual person." (*Bowers, supra,* 117 Cal.App.4th at p. 1270.) Therefore, the fact Irish searched Myers is of no consequence.

The district attorney also contends by accepting the search and seizure condition as part of his probation agreement, Myers waived his Fourth Amendment rights (except the right to be free from unreasonable, harassing, and arbitrary and capricious searches), and had no reasonable expectation of privacy. Not so.

As the district attorney correctly notes, *Sanders*, because it concerned a parolee, did not address the waiver issue. However, *Bowers*, which concerned a probationer, did. Relying on *Sanders*, the *Bowers* court stated, *"any* justification for a police search must be based on facts *known* to the police *before* the search is conducted." (*Bowers, supra,* 117 Cal.App.4th at p. 1270.) Therefore, for the search to be reasonable pursuant to the consent exception, Irish had to have known Myers waived his Fourth Amendment rights and consented to the search. Irish did not know. Therefore, Irish was not acting pursuant to the search condition and the search was unjustified.

Relying on *Tyrell J., supra,* 8 Cal.4th at pp. 84–85, *People v. Velasquez* (1993) 21 Cal.App.4th 555, 558 [26 Cal.Rptr.2d 320] (*Velasquez*), *In re Binh L.* (1992) 5 Cal.App.4th 194, 205–206 [6 Cal.Rptr.2d 678] (*Binh L.*), *People v. Viers* (1991) 1 Cal.App.4th 990, 993–994 [2 Cal.Rptr.2d 667] (*Viers*), and *In re Marcellus L.* (1991) 229 Cal.App.3d 134, 139 [279 Cal.Rptr. 901] (*Marcellus L.*), the district attorney contends "the validity of the search and seizure condition is not dependent upon the searching officer's knowledge of that condition."

Although the district attorney is correct *Sanders* did not overrule *Tyrell J., Sanders* limited its holding to juvenile offenders noting " 'the special needs of the juvenile probation scheme.' " Myers is an adult. (*Sanders, supra,* 31 Cal.4th at p. 327; *Bowers, supra,* 117 Cal.App.4th at p. 1268.) *Binh L.* and *Marcellus L.* also involved minors and they too are inapposite. *Velasquez* and *Viers*, both from this court, concerned adults. However, those opinions relied on *Marcellus L.* in finding an officer's knowledge of the waiver or search condition is irrelevant in determining the lawfulness of the search. (*Velasquez, supra,* 21 Cal.App.4th at p. 558; *Viers, supra,* 1 Cal.App.4th at p. 993.) Because *Velasquez* and *Viers* relied on *Marcellus L.*, a case involving a minor, and because they predated *Sanders*, we find they are no longer good authority to the extent they held an officer's lack of knowledge of an adult probationer's search condition before the search is irrelevant.

Finally, the district attorney asserts the evidence should not be excluded under the exclusionary rule because: (1) although the objective facts (Irish did not know Myers was subject to a search condition) did not authorize the search, the actual facts (Myers was on probation and consented to the search) authorized the search; (2) Myers lied to Irish when he told him he was

discharged from parole and was not on probation; and (3) application of the exclusionary rule in this case will not deter future police misconduct. We disagree.

■ "[T]he principal purpose of the exclusionary rule ' "is to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures." ' " (*Robles, supra,* 23 Cal.4th at p. 799.) As we explained above, "whether a search is reasonable must be determined based upon the circumstances known to the officer" at the time of the search and this is consistent with the primary purpose of the exclusionary rule, which is to deter police misconduct. (*Sanders, supra,* 31 Cal.4th at p. 332.)

First, Irish conducted the search without a warrant, probable cause, reasonable suspicion, or knowledge Myers was on probation and subject to a search condition. Therefore, Irish's search was unreasonable. Refusal to apply the exclusionary rule in this case would reward police misconduct, not deter it. We are not prepared to adopt a rule that would allow the admissibility of evidence where an officer committed misconduct even though the objective facts might otherwise justify the search.

Second, the parties stipulated Myers was on three years informal probation with a search and seizure condition when Irish stopped him and asked whether he was on probation. Myers told Irish "that he had discharged parole . . . and was not on probation." Although Myers gave Irish incorrect information, Myers's response should have prompted Irish to conduct a record check where he would have discovered Myers was on probation and subject to a search condition. Instead, he searched Myers without *any* legal grounds for doing so. Myers's statement he "was not on probation" does not change the fact Irish conducted an illegal search.

Third, application of the exclusionary rule where law enforcement officers have conducted an otherwise illegal search and were unaware the adult probationer was subject to a search condition will deter future police misconduct. Allowing officers to justify otherwise illegal searches would encourage officers to conduct invalid searches with the hope a justification could be found later. This would also allow officers to conduct searches without any justification or limitations. "The potential for abuse, with its consequent impact on the citizenry, is especially heightened in high crime areas where police might suspect probationers to live." (*Robles, supra,* 23 Cal.4th at p. 800.)

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order filed on March 19, 2004, denying the motion to suppress evidence and enter a new order granting the motion. The petition is granted.

Moore, J., and Fybel, J., concurred.