125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth TREVILLION, Plaintiff-Appellant,
v.
COUNTY of Marin, a County Government; County of Marin Fire
Department; Stan Rowan, Chief, in his individual
capacity; Marin County Sheriff's
Department A, Defendants-Appellees.
 No. 96-16248.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 18, 1997.**
Filed October 9, 1997.
 
 Appeal from the United States District Court for the Northern District of California, D.C. No. CV-95-00801-DLJ/FSL; D. Lowell Jensen, District Judge, Presiding.
 Before KOZINSKI, MAYER,*** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth Trevillion brought this action against the County of Marin and others (collectively the County) and asserted that he had been terminated from his employment as a firefighter for the County of Marin because of his race--he is an African American. He asserted violations of Title VII (42 U.S.C. § 2000e-2) and 42 U.S.C. § 1983. The district court granted summary judgment against him. We affirm.
 
 
 3
 1. The grounds for Trevillion's termination were twofold. First, he had been convicted of felony carrying and possession of a loaded firearm, the latter being a felon-in-possession conviction because previously, but also during his term of employment as a firefighter, he had been convicted on a felony weapons charge. Second, he had uttered threats to shoot or kill the chief of the fire department.
 
 
 4
 He does not really contest those facts, but he asserts that he can show that his termination was for racially discriminatory reasons because termination on the stated grounds was pretextual. of course, when all is said and done, the burden of showing a violation of Title VII remained squarely upon him. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). It would be a rather unusual case in which a firefighter who had been arrested for and convicted of felony gun charges and who had threatened to shoot the fire chief could show that his termination was not really based upon his frightening conduct. Despite Trevillion's febrile arguments, the district court rightly concluded that this is not that case.
 
 
 5
 Trevillion does not, even now, seem to recognize the seriousness of his behavior as it related to the job setting in these days of workplace massacres. Rather, he appears to see his actions as having no more serious effect upon the workplace than those of someone who is charged with child abuse, or who engaged in peeping tom activity, or who drove under the influence of alcohol, or who improperly obtained access to the Sheriff's Department computer. But that personal lack of understanding does not tend to show pretext.
 
 
 6
 In short, our review of the record satisfies us, as it did the district court, that no reasonable trier of fact could have found in his favor on his Title VII claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).
 
 
 7
 2. Trevillion's claim that he was suspended (and terminated) without due process is otiose. He was placed on administrative leave with pay after the fire chief heard about the threat and after Trevillion had been charged with the crime of vandalism. While on that leave, the investigation into the threat was completed and he committed felony gun offenses, so the fire chief notified him that he intended to terminate him. A pre-termination hearing was held three days later, and a full evidentiary post-termination hearing was held in due course.
 
 
 8
 The County asserts that under its regulations Trevillion had no property right in his position and could not, therefore, have been deprived of due process. See Portman v. County of Santa Clara, 995 F.2d 898, 904-05 (9th Cir.1993); Allen v. City of Beverly Hills, 911 F.2d 367, 370-71 (9th Cir.1990). That assertion is made because the applicable regulations placed no limitations on the grounds for disciplinary terminations, although the word "disciplinary" suggests that termination could not be effected willy-nilly. Perhaps the County is correct, but we need not decide that issue. Whether Trevillion had a property interest or not, it is pellucid that he had all of the process that he was due. See Mathews v. Eldridge, 424 U.S. 319, 333-34, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). Thus, this portion of his § 1983 claim must fall.
 
 
 9
 3. Trevillion also claims that he was subjected to an improper search because, when he attended the Personnel Commission hearing, he was searched by sheriff's deputies without probable cause. However, Trevillion had been convicted of the felony gun charges by that time, and as a condition of probation he had consented to be searched at any time by any peace officer. Under those circumstances, California authorizes its officers to search the probationer, even without a showing of reasonable cause. See People v. Bravo, 43 Cal.3d 600, 608-09, 738 P.2d 336, 341, 238 Cal.Rptr. 282, 287 (1987). Thus, the deputies did not act beyond their authority under California law. We have indicated, however, that as a federal constitutional matter reasonable cause is required. See United States v. Davis, 932 F.2d 752, 758 (9th Cir.1991). That requirement was not violated here because it was eminently reasonable to search Trevillion. The emotional issue with which the Personnel Commission was dealing (his job), the nature of Trevillion's felonies (gun possession), and the threats he had made against the fire chief (his antagonist at the hearing) all indicate that it was reasonable to search him. Indeed, it would have been rather foolhardy not to have done so.[1]
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 * Hon. H. Robert Mayer, United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have not overlooked Trevillion's discovery contention. However, we find it meritless. The district court did not abuse its discretion. See Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993); Garrett v. City & County of San Francisco, 818 F.2d 1515, 1518 (9th Cir.1987). Moreover, we have not overlooked the County's requests for damages and attorneys fees. We exercise our discretion to reject them