19 Cal.Rptr.3d 796 (2004)
123 Cal.App.4th 194
The PEOPLE, Plaintiff and Respondent,
v.
Monet Cleon PLEASANT, Defendant and Appellant.
No. D043006.
Court of Appeal, Fourth District, Division One.
October 20, 2004.
Review Denied January 19, 2005.
*797 Matthew Braner, Vista, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, and Melissa A. Mandel, Deputy Attorney General for Plaintiff and Respondent.
O'ROURKE, J.
After the magistrate and the trial court denied a motion to suppress evidence (Pen.Code, § 1538.5),[1] a jury convicted Monet Cleon Pleasant of being a felon in possession of a firearm (§ 12021, subd. (a)(1)) and possessing an assault weapon (§ 12280, subd. (b)). In a bifurcated hearing, the court found he had a strike prior. (§§ 667, subds.(b)-(i), 1170.12, 668.) The court dismissed the strike prior, sentenced Pleasant to the two-year middle term for being a felon in possession of a firearm, stayed execution of sentence, and place Pleasant on three years' probation including a condition he serve 365 days in custody. It stayed sentence for possessing an assault weapon. Pleasant contends the trial court erred in denying his motion to suppress evidence.

FACTS
On November 22, 2002, San Diego police officers and sheriff's deputies went to the residence of Ella Pleasant (Ms. Pleasant) at 1515 50th Street to conduct a probation search. After being admitted, Officer Michael Pridemore conducted a safety sweep. He came upon a locked door. Pridemore asked Ms. Pleasant if she had a key to the door. She told him it was her son's room who was not home and her keys were on the dresser in her room. Pridemore retrieved the keys from the top of the dresser and opened the locked room. He did not recall Ms. Pleasant objecting to his *798 conduct. In the room, Pridemore looked under the bed and found a rifle.

DISCUSSION
Noting that the magistrate found that discovering the gun was not part of a valid protective sweep, Pleasant contends the search waiver given by his mother as a probation condition did not justify officers to enter his locked bedroom, especially since they did not make a good faith effort to determine whether the bedroom was an area of the residence within his exclusive control. Therefore, he contends, evidence discovered in the bedroom should have been suppressed.
The superior court reviewed the transcript of the preliminary hearing in determining whether to grant or deny the motion to suppress. (§ 1538.5, subd. (i).) The trial court's responsibility is to determine the facts surrounding the seizure. On appeal, we review such findings under the substantial evidence test. The legal effect of the facts we consider de novo. (People v. Alvarez (1996) 14 Cal.4th 155, 182, 58 Cal.Rptr.2d 385, 926 P.2d 365.) Under California Constitution, article I, section 28, subdivision (d), we review challenges to the admissibility of evidence obtained by police searches and seizures under federal constitutional standards. (People v. Ayala (2000) 23 Cal.4th 225, 254-255, 96 Cal.Rptr.2d 682, 1 P.3d 3; People v. Bradford (1997) 15 Cal.4th 1229, 1291, 65 Cal.Rptr.2d 145, 939 P.2d 259.)
The Legislature has authorized the court to grant convicted criminals probation to promote rehabilitation and reduce recidivism. (§ 1203.1.) The Legislature has also authorized the court to require convicted criminals to agree to reasonable conditions before granting probation. (People v. Lent (1975) 15 Cal.3d 481, 486, 124 Cal.Rptr. 905, 541 P.2d 545; People v. Bravo (1987) 43 Cal.3d 600, 608, 238 Cal.Rptr. 282, 738 P.2d 336.) Here, Ms. Pleasant's probation required her to submit her person, property, place of residence, vehicle and personal effects to a search at any time with or without a warrant, and with or without reasonable cause, when required by a probation officer or other law enforcement officers.
Acting under the authority of Ms. Pleasant probation search condition, the officers lawfully entered the Pleasant residence. (See People v. Mason (1971) 5 Cal.3d 759, 764-766, 97 Cal.Rptr. 302, 488 P.2d 630, disapproved on another ground in People v. Lent, supra, 15 Cal.3d at p. 486, fn. 1, 124 Cal.Rptr. 905, 541 P.2d 545.) Persons who live with probationers cannot reasonably expect privacy in areas of a residence that they share with probationers. (People v. Woods (1999) 21 Cal.4th 668, 675-676, 88 Cal.Rptr.2d 88, 981 P.2d 1019.) Since Ms. Pleasant gave a search waiver as a condition of probation, law enforcement authorities could, without a warrant or probable cause, search areas used exclusively by Ms. Pleasant, areas within "common authority" (ibid.) of the probationer and fellow occupants and areas which she "normally had access." (People v. Johnson (1980) 105 Cal.App.3d 884, 888, 164 Cal.Rptr. 746; People v. LaJocies (1981) 119 Cal.App.3d 947, 955, 174 Cal.Rptr. 100.) Since Ms. Pleasant had access to the keys to the room in which the gun was found, Pleasant could not reasonably expect privacy in the room and the officers reasonably entered the room under the authority of Ms. Pleasant's probation waiver.
Relying primarily on People v. Woods, supra, 21 Cal.4th 668, 88 Cal.Rptr.2d 88, 981 P.2d 1019, People v. Robles (2000) 23 Cal.4th 789, 97 Cal.Rptr.2d 914, 3 P.3d 311, People v. Sanders (2003) 31 Cal.4th 318, 2 Cal.Rptr.3d 630, 73 P.3d 496, People v. *799 Cruz (1964) 61 Cal.2d 861, 40 Cal.Rptr. 841, 395 P.2d 889, and People v. Tidalgo (1981) 123 Cal.App.3d 301, 176 Cal.Rptr. 463, Pleasant argues the officers could not search areas over which he had complete control and the trial court here erred in finding that the officers reasonably believed Ms. Pleasant had access to her son's room.
In People v. Woods, supra, 21 Cal.4th 668, 88 Cal.Rptr.2d 88, 981 P.2d 1019, the Supreme Court recognized officers can search an area over which consent is given by a person who has common authority over the area. (Id. at p. 675, 88 Cal.Rptr.2d 88, 981 P.2d 1019.) The court held valid the search of a residence of a probationer who had given a search waiver even though the officers used the waiver as a pretext to search for contraband of the probationer's boyfriend. (Id. at pp. 672, 678-679, 88 Cal.Rptr.2d 88, 981 P.2d 1019.)
In People v. Robles, supra, 23 Cal.4th at page 797, 97 Cal.Rptr.2d 914, 3 P.3d 311, and People v. Sanders, supra, 31 Cal.4th at pages 332-334, 2 Cal.Rptr.3d 630, 73 P.3d 496, the Supreme Court held that for a search, conducted under a probation search waiver, the searching officers must be aware of the probation waiver at the time of the search.
In People v. Cruz, supra, 61 Cal.2d 861, 40 Cal.Rptr. 841, 395 P.2d 889, the Supreme Court held Cruz was a transient guest in Susan L. Sharon F.'s apartment. Cruz had left a suitcase in the apartment. The Supreme Court reversed denial of a motion to suppress marijuana found in defendant's suitcase that was searched after one of the women consented to the search of the apartment. Without asking whom the suitcase belonged to, an officer opened Cruz's suitcase. The Supreme Court held the apartment residents had no authority to give the consent to search property of a third person. (Id. at pp. 863, 866, 40 Cal.Rptr. 841, 395 P.2d 889.)
In People v. Tidalgo, supra, 123 Cal.App.3d 301, 176 Cal.Rptr. 463, the reviewing court affirmed the granting of a motion to suppress evidence found in the defendant's sister-in-law's home that was searched because Tidalgo had waived his Fourth Amendment rights. The court noted that it must affirm findings of fact made in the trial court if supported by substantial evidence, and found substantial evidence to support the trial court's finding that it was unreasonable for the officers to believe the home was Tidalgo's residence. (Id. at pp. 307-308, 176 Cal.Rptr. 463.)
None of these cases Pleasant cites diminishes the principle expressed in People v. Woods, supra, 21 Cal.4th at page 675, 88 Cal.Rptr.2d 88, 981 P.2d 1019, People v. Johnson, supra, 105 Cal.App.3d at page 888, 164 Cal.Rptr. 746, and People v. LaJocies, supra, 119 Cal.App.3d at page 955, 174 Cal.Rptr. 100. Since Ms. Pleasant had waived her Fourth Amendment rights, gave consent to search her residence, and since she had a key and access to the locked room within the residence, the trial court did not err in finding the search of the locked room within the waiver.

DISPOSITION
The judgment is affirmed.
I CONCUR: McCONNELL, P. J.
McINTYRE, J., dissenting.
I disagree with the majority's conclusion that the police officers had reasonable cause to believe that Ella Pleasant had joint control over the locked bedroom so as to place this room within the scope of her probation search waiver and I respectfully dissent.
*800 The Fourth Amendment prohibits all unreasonable searches and seizures and warrantless searches are per se unreasonable unless they come within an established exception to the warrant requirement (Mincey v. Arizona (1978) 437 U.S. 385, 390, 98 S.Ct. 2408, 57 L.Ed.2d 290), such as a search conducted under an adult probationer's search condition. (People v. Woods (1999) 21 Cal.4th 668, 674-675, 88 Cal.Rptr.2d 88, 981 P.2d 1019 (Woods).) When conducting a search pursuant to a probation search clause, police "officers generally may only search those portions of the residence they reasonably believe the probationer has complete or joint control over." (Woods, supra, 21 Cal.4th at p. 682, 88 Cal.Rptr.2d 88, 981 P.2d 1019.) Stated differently, a probation search falls within permissible bounds if the police reasonably suspect that an area to be searched is jointly controlled by the probationer. Officers wishing to search a room under the sole control of a nonprobationer must obtain a search warrant unless the circumstances justify a warrantless search (e.g., exigent circumstances). (Woods, supra, 21 Cal.4th at p. 682, 88 Cal.Rptr.2d 88, 981 P.2d 1019; People v. Boyd (1990) 224 Cal.App.3d 736, 749, 274 Cal.Rptr. 100 [addressing parole search]; People v. Sanders (2003) 31 Cal.4th 318, 330, 2 Cal.Rptr.3d 630, 73 P.3d 496 ["the expectation of privacy of cohabitants is the same whether the search condition is a condition of probation or parole"].) Significantly, "[d]epending upon the facts involved, there may be instances where an officer's failure to inquire, coupled with all of the other relevant facts, would render the suspicion unreasonable and the search invalid." (People v. Boyd, supra, 224 Cal.App.3d at p. 749, 274 Cal.Rptr. 100, fn. omitted.)
The majority does not quarrel with the trial court's finding that the search of the locked room was not a valid protective sweep because there were no articulable facts to support such a search. (Maryland v. Buie (1990) 494 U.S. 325, 334, 110 S.Ct. 1093, 108 L.Ed.2d 276.) The majority similarly does not contest the trial court's finding that Ella Pleasant did not consent to a search of the locked bedroom and that the police officers intended to enter the room no matter what, even if it meant breaking down the door. As such, the search of the locked bedroom was improper unless it came within the scope of Ella Pleasant's probation search waiver.
In determining that issue, the critical question is whether the police reasonably suspected that the locked room was a common area in the residence or Ella Pleasant controlled it. (Woods, supra, 21 Cal.4th at p. 682, 88 Cal.Rptr.2d 88, 981 P.2d 1019.) Here, the officers were told the room belonged to Ella Pleasant's son and they knew he kept the door locked. Based on this information it was not reasonable for the officers to believe that this clearly differentiated private living space was a common area or that Ella Pleasant had joint control or authority over it. The fact Ella Pleasant knew of the location of a key, and thus had potential access to the locked bedroom, was not sufficient because potential access is not the appropriate constitutional standardthe question was whether she had joint control or authority over this area. (Woods, supra, 21 Cal.4th at p. 682, 88 Cal.Rptr.2d 88, 981 P.2d 1019.)
Under the majority's approach, a nonprobationer renting a room from a probationer who does not lock the door out of trust that the probationer will respect his or her privacy, will be subjected to warrantless searches merely because the probationer had potential access to the rented room. Further, the police could search all the rooms in a commercial boarding facility where the landlord is subject to probation *801 search waiver because nearly every landlord maintains keys to rented rooms.
As a person living with a probationer, Pleasant retained "valid privacy expectations in residential areas subject to [his] exclusive access or control, so long as there [was] no basis for officers to reasonably believe the probationer ha[d] authority over those areas." (People v. Robles (2000) 23 Cal.4th 789, 798, 97 Cal.Rptr.2d 914, 3 P.3d 311.) Here, Pleasant had a reasonable expectation of privacy in his bedroom as he took the precaution of locking the door to prevent his parents and others from entering it. Ella Pleasant's knowledge of the location of a key, standing alone, was insufficient to provide the officers with a reasonable belief that she had joint control or authority over this distinct area in the residence.
Moreover, had the officers inquired, they would have learned that Ella Pleasant did not have joint control or authority over the locked room. Evidence introduced at the suppression hearing revealed that Pleasant, an adult, rented the room and kept the door locked to protect his privacy and personal property. Only Pleasant and his father had access to the room, but the father never entered the room and kept a key on his dresser in case of a fire or other emergency. The officers could have easily obtained these facts and verified them because they subsequently asked Ella Pleasant for Pleasant's work telephone number.
Significantly here, search of the locked room did not produce evidence incriminating the probationer and this case is not a review of a probation revocation or of charges brought against the probationer. This case involves a nonprobationer and it is not permissible to abrogate his fourth amendment rights under the guise of a probation search of another.
The facts known to the officers at the time of the search, coupled with their failure to inquire rendered the search unreasonable and the fruit of that illegal search should have been suppressed. I would therefore reverse.
NOTES
[1] All statutory references are to the Penal Code.