[No. G036838. Fourth Dist., Div. Three. Apr. 13, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
ALEXANDER RUDOLF CANTOR, Defendant and Appellant.

**Counsel**

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Mary Jo Graves, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Lynne McGinnis and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RYLAARSDAM, Acting P. J.**—A jury convicted defendant Alexander Rudolf Cantor of transporting and possessing cocaine for sale. The police found the cocaine in a closed container in the trunk of defendant's car. Two weeks earlier, the police had found evidence of another drug offense in defendant's home. Defendant contends the evidence from the searches of his car and residence should have been suppressed as the fruit of illegal searches and that the drug evidence from defendant's residence was cumulative and more prejudicial than probative, violating his right to due process. We conclude the search of the container in defendant's car exceeded the scope of his consent and reverse on that basis. In light of our conclusion, it is unnecessary to address defendant's other contentions.

## FACTS AND PROCEDURAL BACKGROUND

One evening, Police Officer Tom Weizoerick and his partner stopped defendant for driving violations. Based on defendant's nervousness, his initial failure to yield after the officers had activated their overhead lights, his furtive movements, and the odor of marijuana, Weizoerick asked for and received consent to search defendant's car. In the trunk of the car, Weizoerick found 201 grams of cocaine inside a vinyl record cleaner. Defendant was arrested, charged, and convicted of transporting and possessing for sale a controlled substance.

Before trial, defendant moved to suppress the evidence found in his trunk. The motion was denied. We denied defendant's petition for a writ of mandate to compel the suppression of the evidence.

## DISCUSSION

Defendant contends the trial court erred in denying his pretrial motion to suppress the cocaine seized from his car because the search of the vinyl record cleaner found in the trunk exceeded the scope of his consent. We agree.

1. *Background*

At the pretrial suppression hearing, Weizoerick testified that on the night in question, he and his partner were driving in a marked patrol car when he saw a red Mercedes tailgating another vehicle. The car switched lanes without signaling and sped up to approximately 80 miles per hour.

Weizoerick attempted to stop the car, but it failed to yield. He then activated his siren, but the vehicle still failed to yield. Eventually, it pulled over; as it did so, Weizoerick observed the driver (defendant) reach towards his floorboard.

Weizoerick asked defendant to step out of the vehicle. As defendant complied, Weizoerick detected the odor of marijuana and asked him if he had been smoking some "weed"; defendant said he had not. Weizoerick then asked if someone had been smoking it around him because he smelled like marijuana. Defendant appeared nervous; his hands were shaking and he avoided eye contact.

Weizoerick told defendant he saw him reaching over toward his seat as he was being pulled over and asked if defendant was hiding something. Defendant said he was not. Weizoerick then asked, "Nothing illegal in the car or anything like that? Mind if I check real quick and get you on your way?" Defendant answered, "yeah."

The smell of burnt marijuana was "a little bit stronger" inside the car. But a search of the passenger compartment did not turn up any marijuana cigarettes or drug paraphernalia and Weizoerick was unable to determine what could have been the source of the burnt marijuana smell. Next, Weizoerick retrieved the car keys from the ignition and opened the trunk. Defendant did not object, but he also did not assist Weizoerick, say anything, or make any gestures to indicate approval of the search of the trunk. Weizoerick looked through the trunk and closed it. After that, he checked under the hood of defendant's car and then rechecked the car's interior several times. Weizoerick told defendant he was going to have a police dog come out to sniff the car. According to Weizoerick, defendant said okay. Defendant was "very cooperative," and never questioned the length of the search.

While waiting for the police dog to arrive, Weizoerick removed items from the trunk that could pose a safety hazard to the dog. As he did so, he found a wooden box inside the trunk. Defendant said it was a record-cleaning machine. Weizoerick felt something shift inside the record cleaner and when he looked through the mesh screen on the side of the cleaner, he saw a paper bag inside. Using a screwdriver, Weizoerick removed the screws holding the back panel of the record cleaner. He lifted out the paper bag and inside found the cocaine at issue.

The trial court denied defendant's motion to suppress explaining that when defendant agreed Weizoerick could search his car, his consent included the

entire car, including the trunk. The court further noted that defendant was "completely cooperative" and did not request that the search cease at any time.

## 2. *Analysis*

The standard of review for the denial of a motion to suppress is well settled. "We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment. [Citations.]" (*People v. Glaser* (1995) 11 Cal.4th 354, 362 [45 Cal.Rptr.2d 425, 902 P.2d 729].)

■ Consent to a search is a recognized exception to the Fourth Amendment's warrant requirement. (*People v. Bishop* (1996) 44 Cal.App.4th 220, 236 [51 Cal.Rptr.2d 629].) The prosecution bears the burden to prove that a warrantless search was within the scope of the consent given. (*People v. Harwood* (1977) 74 Cal.App.3d 460, 466 [141 Cal.Rptr. 519].) "A consensual search may not legally exceed the scope of the consent supporting it. [Citation.]" (*People v. Crenshaw* (1992) 9 Cal.App.4th 1403, 1408 [12 Cal.Rptr.2d 172] (*Crenshaw*).) "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect? [Citations.]" (*Florida v. Jimeno* (1991) 500 U.S. 248, 251 [114 L.Ed.2d 297, 111 S.Ct. 1801] (*Jimeno*).) "Whether the search remained within the boundaries of the consent is a question of fact to be determined from the totality of circumstances. [Citation.] Unless clearly erroneous, we uphold the trial court's determination." (*Crenshaw, supra*, 9 Cal.App.4th at p. 1408.)

We have reviewed the police videotape of the vehicle stop plus the transcript of its audio and conclude the search exceeded the scope of defendant's consent to Weizoerick's request for a "real quick" "check" of the car. After receiving defendant's consent, Weizoerick proceeded to methodically search the car's passenger compartment, its trunk, under its hood, and then its interior again several times. By then, almost 15 minutes had passed since defendant had given his consent and still Weizoerick had found nothing incriminating. At that point, if not sooner, the search should have ceased. A typically reasonable person would not have understood defendant's consent to a "real quick" search to extend beyond that point, much less to include authorization to unscrew the panel of a piece of equipment during a second search of the trunk while awaiting the arrival of a drug-sniffing dog.

■ The trial court erred as a matter of law by failing to recognize the limited scope of defendant's consent. Once Weizoerick's exhaustive search of

all compartments of the car revealed no contraband, defendant's consent ended. No justification existed to prolong defendant's detention.

The limited consent given by defendant differentiates this case from those cited by the Attorney General. (See *Jimeno*, *supra*, 500 U.S. at p. 249 [general consent to search car]; *People v. $48,715 United States Currency* (1997) 58 Cal.App.4th 1507, 1511 [68 Cal.Rptr.2d 829] (*United States Currency*) [same]; *People v. Williams* (1980) 114 Cal.App.3d 67, 71 [170 Cal.Rptr. 433] [same]; *U.S. v. Zapata* (1st Cir. 1994) 18 F.3d 971, 974, 977 [same]; *United States v. Sierra-Hernandez* (9th Cir. 1978) 581 F.2d 760, 764 [same]; see also *Crenshaw*, *supra*, 9 Cal.App.4th at p. 1408 [consent to search interior, glove compartment, and trunk of car].) We reject the Attorney General's argument that defendant's failure to object indicates the prolonged search was within his consent. In *United States v. Espinosa* (10th Cir. 1986) 782 F.2d 888, 892–893 and the other cited cases, the officers did not exceed the scope of the defendants' consent before the object of the search was found, contrary to this case. (See *United States Currency*, *supra*, 58 Cal.App.4th at p. 1515; *Crenshaw*, *supra*, 9 Cal.App.4th at pp. 1411–1412, 1414.)

Even if the length of the search were not an issue, no typically reasonable person would have understood defendant's consent to extend to unscrewing the back panel of the record-cleaning machine. In *Jimeno*, after a police officer requested and received permission to search a car for narcotics, he found a kilogram of cocaine inside a brown paper bag on the floorboard. The Supreme Court upheld the search, stating, "it was objectively reasonable for the police to conclude that the general consent to search [the defendant's] car included consent to search containers within that car which might bear drugs," including a paper bag lying on the floorboard. (*Jimeno*, *supra*, 500 U.S. at p. 251.) As part of its reasoning, the court distinguished a Florida case, *State v. Wells* (Fla. 1989) 539 So.2d 464 (*Wells*), which held that consent to search the trunk of a car did not include authorization to "pry open a locked piece of luggage found inside." (*Id.* at p. 468, fn. omitted.) *Jimeno* observed, "It is very likely unreasonable to think that a suspect, by consenting to the search of his trunk, has agreed to the breaking open of a locked briefcase [or luggage] within the trunk, but it is otherwise with respect to a closed paper bag." (*Jimeno*, at pp. 251–252.) In our view, unscrewing the back panel of the record-cleaning machine is more akin to the prying open of a locked briefcase than to the opening of a closed paper bag.

█ Citing *Jimeno* and *Crenshaw*, the Attorney General maintains the scope of defendant's consent was not exceeded because unscrewing the back of the record cleaner did not break it. (See *Crenshaw*, *supra*, 9 Cal.App.4th at pp. 1410, 1414 [removal of screw and plastic door vent of car did not exceed

scope of driver's consent to search interior, glove compartment, and trunk for drugs].) We disagree. The fact the officer did not damage defendant's property in carrying out the search is irrelevant. The holding in *Wells* was not based on damage to the suitcase. Rather, the court relied on "a crucial concern underlying fourth amendment jurisprudence: the expectation of privacy reasonably manifested by an individual in his locked luggage, no matter where that luggage is located." (*Wells, supra*, 539 So.2d at p. 467, fn. omitted.) *Wells* "decline[d] to establish a rule that effectively would countenance breaking open a locked or sealed container solely because the police have permission to be in the place where that container is located," noting that "[t]his would render the very act of locking or sealing the container meaningless" and ignore the defendant's expectation of privacy. (*Ibid.*)

We find *Wells* persuasive and adopt its reasoning. A piece of equipment that can only be opened with a screwdriver is analogous to a locked or sealed container. Defendant manifested an expectation of privacy by placing the drugs inside the record cleaning machine and screwing it shut. By unscrewing the back panel, the officer rendered that act pointless and violated defendant's privacy expectation.

The cases cited by the Attorney General are inapposite. Unlike in *Jimeno*, *United States Currency*, and *Crenshaw*, the officer in this case did not notify defendant of the object of his search, making it difficult to impute to defendant consent to search any container within the car that might contain such object. Nor do any of the cited cases address the search of a locked or sealed container inside a car. *Crenshaw* and *Sierra-Hernandez* involved a search of a compartment of the vehicle itself. (See *Crenshaw, supra*, 9 Cal.App.4th at p. 1408 [door vent]; *United States v. Sierra-Hernandez, supra*, 581 F.2d at p. 764 [under hood of truck].) The remaining cases fail to indicate the extent to which, if at all, the searched items were sealed or locked. (See *United States Currency, supra*, 58 Cal.App.4th at p. 1511 [seed bags and suitcases]; *People v. Williams, supra*, 114 Cal.App.3d at p. 71 [brown bags and envelopes]; *United States v. Zapata, supra*, 18 F.3d at p. 974 [two duffel bags, one of which was partially unzipped].)

The trial court erred in denying defendant's motion to suppress the cocaine found in the trunk of defendant's car.

## DISPOSITION

The judgment is reversed.

Fybel, J., and Ikola, J., concurred.