DETJEN, J.
*766 Defendant Manuel Miramontes Cruz, Jr., was charged with driving under the influence (DUI) of alcohol within 10 years of a prior felony DUI conviction ( Veh. Code, § 23550.5, subd. (a) ; count 1), driving with a blood-alcohol level of 0.08 percent or more within 10 years of a prior felony DUI conviction ( id ., § 23550.5, subd. (a) ; count 2), driving with a suspended license (id ., § 14601.2, subd. (a); count 3), and resisting arrest ( Pen. Code, § 148, subd. (a)(1) ; count 4).[1] His motions to suppress evidence (§ 1538.5) were denied, and he pled no contest to counts 1, 3, and 4 in return for an indicated sentence of two years in prison.[2] His subsequent motion to withdraw his plea was denied.
*767 In the published portion of this opinion, we hold that, in light of the conditions of probation to which defendant was subject when arrested, a warrantless seizure of a blood sample against defendant's wishes did not violate the Fourth Amendment. In the unpublished portion, we conclude defendant failed to establish good cause to withdraw his plea. Accordingly, we affirm.
FACTS [3]
At 10:50 p.m. on May 2, 2016, Officer Opinski of the Merced Police Department was traveling northbound on M Street in Merced, when he saw a vehicle heading southbound on M Street at a high rate of speed. At a curve in the roadway, the car, which was driven by defendant, crossed partially into the opposing lane, then corrected itself. Defendant turned eastbound on East 22nd Street, and Opinski followed. After making a U-turn, defendant ran a stop sign and made two more turns, nearly hitting a pedestrian.
Opinski activated his emergency lights. Defendant's vehicle yielded and collided with the curb on West 25th Street. Defendant then got out of the vehicle and ran, falling several times. Opinski caught up *466 and arrested him. When he did, he smelled a strong odor of an alcoholic beverage emanating from defendant's breath and person. When Opinski asked if defendant was willing to submit to a field sobriety test, defendant said "No." His response to every question Opinski asked was "I want my lawyer." Opinski then read defendant the "Admin Per Se Form," regarding the consequences of failing to submit to a breath or blood test. Again, defendant responded to all questions by saying he wanted his lawyer.
Based on defendant's driving, inability to keep his balance while Opinski was chasing him, and the odor of alcohol, Opinski opined defendant was under the influence and too impaired to operate a motor vehicle safely. In addition, his driver's license was suspended.
Once defendant refused to take a breath or blood test, Opinski transported him to the police station so Opinski could author a search warrant for defendant's blood. Upon receiving paperwork and information from dispatch that defendant was on DUI probation and required to submit to a breath or blood test, Opinski abandoned the warrant and instead transported defendant to the hospital for a blood draw. At the hospital, defendant expressly stated he *768 was not consenting to a blood draw. Nevertheless, the phlebotomist drew defendant's blood at 11:57 p.m.[4] Defendant had a blood-alcohol level of 0.157 percent.
DISCUSSION
I
MOTIONS TO SUPPRESS EVIDENCE
A. Background
Prior to the preliminary hearing, defendant moved to suppress all evidence obtained as a result of the blood draw, on the ground the warrantless invasion of his bodily integrity, undertaken without his consent, violated the Fourth Amendment. The magistrate ruled the terms and conditions of defendant's felony probation justified the nonconsensual blood draw, and so denied the motion.
Following the filing of the information, defendant renewed his motion. At the September 6, 2016 hearing (at which no evidence was presented), defendant argued probation was something to which a person consented, consent could be withdrawn at any time, and the withdrawal of consent would then only constitute a violation of probation. The court rejected this position, reasoning that to put the probationer in control of when he or she wanted to be subject to probation terms would defeat the whole purpose of probation. Accordingly, the motion was denied.
Defendant now reiterates his argument, claiming the forced blood draw violated his Fourth Amendment rights because he did not consent to it and the consequence of his refusal should have been prosecution for a probation violation. He also claims he never consented to a forced blood draw as a condition of probation. The Attorney General contends the suppression motion was properly denied, because defendant expressly consented to chemical tests and a Fourth Amendment waiver as a condition of probation. We agree.
B. Analysis
Invasions of the body, including nonconsensual extractions of blood, "are searches entitled to the protections of the Fourth Amendment. [Citation.]" ( *467 *769 People v. Robinson (2010) 47 Cal.4th 1104, 1119-1120, 104 Cal.Rptr.3d 727, 224 P.3d 55.) "The touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.' [Citation.]" ( United States v. Knights (2001) 534 U.S. 112, 118-119, 122 S.Ct. 587, 151 L.Ed.2d 497.) Reasonableness is measured objectively by examining the totality of the circumstances. ( People v. Schmitz (2012) 55 Cal.4th 909, 921, 149 Cal.Rptr.3d 640, 288 P.3d 1259 ( Schmitz ); People v. Robinson , supra , 47 Cal.4th at p. 1120, 104 Cal.Rptr.3d 727, 224 P.3d 55.)
Where, as here, a motion to suppress evidence is submitted to the superior court on the preliminary hearing transcript (see § 1538.5, subd. (i) ), " 'the appellate court disregards the findings of the superior court and reviews the determination of the magistrate who ruled on the motion to suppress, drawing all presumptions in favor of the factual determinations of the magistrate, upholding the magistrate's express or implied findings if they are supported by substantial evidence, and measuring the facts as found by the trier against the constitutional standard of reasonableness.' [Citation.]" ( People v. Hua (2008) 158 Cal.App.4th 1027, 1033, 70 Cal.Rptr.3d 559.) "In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment. [Citations.]" ( People v. Glaser (1995) 11 Cal.4th 354, 362, 45 Cal.Rptr.2d 425, 902 P.2d 729.) We affirm the lower court's ruling if correct under any legal theory. ( People v. Hua , supra , at p. 1033, 70 Cal.Rptr.3d 559.)
"It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is 'per se unreasonable ... subject only to a few specifically established and well-delineated exceptions.' [Citations.] It is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent. [Citations.]" ( Schneckloth v. Bustamonte (1973) 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 ; accord, People v. Woods (1999) 21 Cal.4th 668, 674, 88 Cal.Rptr.2d 88, 981 P.2d 1019.) " '[W]hen a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given.' [Citations.]" ( Schneckloth , supra , at p. 222, 93 S.Ct. 2041.) He or she must also prove the warrantless search was within the scope of the consent given. ( People v. Cantor (2007) 149 Cal.App.4th 961, 965, 57 Cal.Rptr.3d 478.) " 'Whether the search remained within the boundaries of the consent is a question of fact to be determined from the totality of [the] circumstances. [Citation.] Unless clearly erroneous, we uphold the trial court's determination.' [Citations.]" ( People v. Tully (2012) 54 Cal.4th 952, 983-984, 145 Cal.Rptr.3d 146, 282 P.3d 173.) The applicable standard of proof is preponderance of the evidence. ( *770 United States v. Matlock (1974) 415 U.S. 164, 177-178, fn. 14, 94 S.Ct. 988, 39 L.Ed.2d 242 ; People v. James (1977) 19 Cal.3d 99, 106, fn. 4, 137 Cal.Rptr. 447, 561 P.2d 1135.)
"In California, a person may validly consent in advance to warrantless searches and seizures in exchange for the opportunity to avoid serving a state prison term. [Citations.] Warrantless searches are justified in the probation context because *468 they aid in deterring further offenses by the probationer and in monitoring compliance with the terms of probation. [Citations.] By allowing close supervision of probationers, probation search conditions serve to promote rehabilitation and reduce recidivism while helping to protect the community from potential harm by probationers. [Citation.]" ( People v. Robles (2000) 23 Cal.4th 789, 795, 97 Cal.Rptr.2d 914, 3 P.3d 311 ; accord, People v. Woods , supra , 21 Cal.4th at p. 674, 88 Cal.Rptr.2d 88, 981 P.2d 1019 ; People v. Bravo (1987) 43 Cal.3d 600, 608, 238 Cal.Rptr. 282, 738 P.2d 336 ; see United States v. Knights , supra , 534 U.S. at p. 119, 122 S.Ct. 587.)
"Inherent in the very nature of probation is that probationers 'do not enjoy "the absolute liberty to which every citizen is entitled." ' [Citations.]" ( United States v. Knights , supra , 534 U.S. at p. 119, 122 S.Ct. 587.) "Probation is not a right, but a privilege." ( People v. Bravo , supra , 43 Cal.3d at p. 608, 238 Cal.Rptr. 282, 738 P.2d 336.) " '[A] probationer who has been granted the privilege of probation on condition that he submit at any time to a warrantless search may have no reasonable expectation of traditional Fourth Amendment protection.' [Citation.] Therefore, 'when [a] defendant in order to obtain probation specifically agree[s] to permit at any time a warrantless search of his person, car and house, he voluntarily waive[s] whatever claim of privacy he might otherwise have had.' [Citations.]" ( People v. Ramos (2004) 34 Cal.4th 494, 506, 21 Cal.Rptr.3d 575, 101 P.3d 478 ; see United States v. Knights , supra , 534 U.S. at pp. 119-120, 122 S.Ct. 587.) " 'If the defendant finds the conditions of probation more onerous than the sentence he would otherwise face, he may refuse probation' [citation] and simply 'choose to serve the sentence' [citation]." ( People v. Moran (2016) 1 Cal.5th 398, 403, 205 Cal.Rptr.3d 491, 376 P.3d 617, fn. omitted.) "A probationer's waiver of his Fourth Amendment rights is no less voluntary than the waiver of rights by a defendant who pleads guilty to gain the benefits of a plea bargain. [Citations.]" ( People v. Bravo , supra , 43 Cal.3d at p. 609, 238 Cal.Rptr. 282, 738 P.2d 336.)
At the time of his arrest in the present case, defendant was on formal felony probation as a result of a violation of Vehicle Code section 23550, subdivision (a) in a prior matter.[5] The judge that sentenced defendant in the earlier case orally informed him, inter alia, that he was to submit to search and seizure of his person, vehicle, and residence at the request of a peace *771 officer any time of the day or night, with or without a warrant and with or without probable cause, and that he was to submit to chemical testing at the request of a peace or probation officer. In addition, the judge told defendant: "Before you leave court this morning, I'm going to give you a set of probation orders. I want you to read them and sign them. Your signature is going to let me know that you understand what you are supposed to do and you agree to do it ." (Italics added.) The written probation conditions, which were signed by defendant, included the following:
"11 Submit your person, vehicle, place of residence or any other belongings to search and seizure, without a warrant, any time day or night, by any Probation Officer and/or Peace Officer, with or without probable cause. [¶] ... [¶]
"34 If arrested for driving under the influence of alcohol in violation of Section 23152 or 23153 of the Vehicle Code, shall not refuse to submit to a chemical *469 test of your blood , breath or urine." (Italics added.)
In our view, the only reasonable interpretation of these conditions is that defendant had no right to refuse a blood draw in the present case. When he did refuse, Opinski was legally justified in having blood drawn anyway, so long as the procedure was performed in a reasonable manner.[6] (See Schmerber v. California (1966) 384 U.S. 757, 771-772, 86 S.Ct. 1826, 16 L.Ed.2d 908 ( Schmerber ).)
The federal authorities discussed by defendant at length in his briefs do not assist him. In Schmerber , the United States Supreme Court upheld a warrantless blood test of an individual arrested for DUI because the officer "might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened 'the destruction of evidence.' " ( Schmerber , supra , 384 U.S. at p. 770, 86 S.Ct. 1826.) In Missouri v. McNeely (2013) 569 U.S. 141, 133 S.Ct. 1552, 185 L.Ed.2d 696 ( McNeely ), the high court reaffirmed Schmerber 's consideration of the totality of the circumstances in determining whether the exigent circumstances exception to the warrant requirement existed ( McNeely , supra , at p. 151, 133 S.Ct. 1552 ), but rejected the notion the natural metabolization of alcohol in the bloodstream presented an exigency justifying a warrantless nonconsensual blood test in every drunk driving case ( id . at p. 144, 133 S.Ct. 1552 ). In Birchfield v. North Dakota (2016) 579 U.S. ----, ----, 136 S.Ct. 2160, 2184, 195 L.Ed.2d 560 ( Birchfield ), the court *772 held the Fourth Amendment permits warrantless breath tests, but not warrantless blood tests, incident to arrests for drunk driving. The foregoing cases do not address warrantless blood extractions performed pursuant to probation conditions, and the People did not seek to justify the blood draw in defendant's case on the grounds of exigency or as a search incident to arrest.
Defendant's citation to People v. Mason (2016) 8 Cal.App.5th Supp. 11, 214 Cal.Rptr.3d 685, a case arising under California's implied consent law, is similarly unavailing. In that case, the appellate division of the superior court distinguished between advance consent to search given as a probation condition, and such consent implied in return for the privilege of driving. ( Id . at pp. Supp. 23-24, 214 Cal.Rptr.3d 685.) The court stated: "[T]he probation-search cases rest on the premise that the probationer, in accepting a search condition, 'truly consents' to the resulting diminution in Fourth Amendment rights. [Citation.] Nothing of the kind can be said of a driver to whom consent is merely imputed by the implied consent law." ( Id . at p. Supp. 25, 214 Cal.Rptr.3d 685 ; see People v. Harris (2014) 225 Cal.App.4th Supp. 1, 3, 10, 170 Cal.Rptr.3d 729 [blood draw is justified under 4th Amend. by consent under implied consent law where driver cooperated with procedure; driver arrested for DUI cannot be said to have consented, under implied consent law, to forcible blood draw in contravention of then-expressed wishes if he or she purports to withdraw consent].)
The California Supreme Court has not yet determined whether a general probation search condition authorizes a warrantless, nonconsensual blood draw. (See *470 People v. Simon (2016) 1 Cal.5th 98, 120, 204 Cal.Rptr.3d 380, 375 P.3d 1.)[7] Here, however, defendant was not merely subject to California's implied consent law or a general probation search condition requiring that he submit his person, vehicle, place of residence, and belongings to search and seizure. Rather, he expressly agreed that if he was arrested for drunk driving, he would not refuse to submit to a chemical test of his blood. Because of this, his challenge to the validity of the search and seizure fails.
Defendant argues, however, that he was never told his refusal to submit to a blood draw would result in a warrantless, forcible blood extraction. Accordingly, he says, he never agreed to undergo a forced blood draw; hence, Opinski's only option was to arrest defendant for violating his probation and have him prosecuted for that violation.
*773 We reject this claim. In People v. Mason (1971) 5 Cal.3d 759, 97 Cal.Rptr. 302, 488 P.2d 630 ( Mason ), disapproved on another ground in People v. Lent (1975) 15 Cal.3d 481, 486, footnote 1, 124 Cal.Rptr. 905, 541 P.2d 545, the defendant was subject to a condition of probation requiring him to submit to a search, with or without a warrant, whenever requested by police officers. The California Supreme Court held this condition authorized the warrantless search of the defendant's residence and car. ( Mason , supra , at pp. 762-763, 97 Cal.Rptr. 302, 488 P.2d 630.) In so concluding, it rejected the defendant's claim that since the condition required him to submit to a search " 'whenever requested to do so,' " the officers should have requested permission to search and thereby given the defendant the opportunity to grant or refuse permission. ( Id . at p. 763, 97 Cal.Rptr. 302, 488 P.2d 630.) The court stated: "To so construe the condition would ... render it utterly meaningless. A 'condition' implies a qualification or restriction; accordingly, a condition to a grant of probation contemplates some limitation upon the probationer's rights. [Citation.] If defendant had the right to withhold his consent to a warrantless search, the protection thereby afforded him would have been as broad as that afforded all other persons under the Fourth Amendment. ... [¶] ... [T]o accept defendant's interpretation of the probation condition would defeat the acknowledged purposes of such a provision to deter further offenses by the probationer and to ascertain whether he is complying with the terms of his probation." ( Ibid . )
The state high court concluded that when the defendant, in order to obtain probation, specifically agreed to permit a warrantless search of his person, car, and house, he voluntarily waived whatever claim of privacy he might otherwise have had. ( Mason , supra , 5 Cal.3d at p. 766, 97 Cal.Rptr. 302, 488 P.2d 630.) The court also rejected a position akin to the one taken by defendant in the case before us: "Defendant contends that various policy considerations should lead us to hold that police officers may not employ 'self help' when a probationer refuses to consent to a search, but that the officers should simply report the matter to the probation officer who may initiate proceeding[s] to revoke probation. ... [I]f the only governmental remedy for a refusal to consent to a search was to seek a revocation of probation, the *471 dual purposes of the probation condition, namely, deterrence and discovery of subsequent offenses, would be frustrated." ( Ibid ., fn. omitted.)
Defendant contends Mason is not pertinent authority because it concerns a home search, not a forced blood draw. Insofar as defendant claims Opinski was required to accept defendant's refusal of chemical testing and arrest him for a violation of probation, this is a distinction without a difference. Nor is it relevant to the validity of the search that defendant could have been prosecuted for DUI without the blood draw.
Defendant further contends Mason is an old case, and the United States and California Supreme Courts "have made many new decisions regarding privacy in the probation, consent and blood draw context." Defendant points *774 to McNeely , Birchfield , and Schmitz . In our view, these opinions do not detract from Mason , as they are not concerned with searches undertaken pursuant to probation conditions. As we previously observed, McNeely addressed the exigent circumstances exception to the warrant requirement. ( McNeely , supra , 569 U.S. at p. 145, 133 S.Ct. 1552.) Schmitz was concerned with a warrantless parole search, and noted the "clear distinction between probation and parole with regard to consent." ( Schmitz , supra , 55 Cal.4th at p. 920, 149 Cal.Rptr.3d 640, 288 P.3d 1259.) Birchfield addressed searches incident to arrest. ( Birchfield , supra , 579 U.S. at p. ----, 136 S.Ct. at p. 2184.)
Birchfield also held that even assuming a warrantless blood sample can be taken pursuant to an implied consent law, a state cannot impose criminal penalties on the refusal to submit to such a test. ( Birchfield , supra , 579 U.S. at p. ----, 136 S.Ct. at p. 2185.) However, laws that imply consent as a condition of the driving privilege are manifestly different, in terms of what constitutes a reasonable search and seizure under the Fourth Amendment, than express consent given by means of probation conditions. We conclude it would be illogical - and would defeat the purpose of probation conditions - to extend Birchfield 's reasoning so as to hold a defendant could withdraw consent to a probation condition, a violation of a search condition of probation could not result in a new criminal charge, or that the results of the search could not be used as evidence in prosecuting that charge.
II**
DISPOSITION
The judgment is affirmed.
WE CONCUR:
POOCHIGIAN, Acting P.J.
PEÑA, J.

Further statutory references are to the Penal Code unless otherwise stated.

Included in the agreement was the termination of probation, and imposition of a consecutive eight-month term, in another case. That case is not before us.

The facts are taken from the joint preliminary hearing and hearing on the initial motion to suppress evidence. We review the evidence in a light favorable to the lower court's ruling. (In re William V. (2003) 111 Cal.App.4th 1464, 1468, 4 Cal.Rptr.3d 695.)

An audio-video recording of the blood draw obtained from Opinski's body camera was admitted into evidence and played for the magistrate.

Defendant was placed on probation on June 12, 2013.

Defendant raises no issue concerning the manner in which his blood was taken, except to assert he was "in constant pain" and did not consent. We have reviewed the audio and video recording from Opinski's body camera. Although defendant claimed to feel pain during the procedure, the video shows a forcible blood draw only in the sense that it was over defendant's objection and not in the sense that he was physically overpowered.

Review is currently pending before the state high court on the question whether law enforcement violated the Fourth Amendment by taking a warrantless blood sample from an unconscious defendant, or whether the search and seizure was valid because the defendant expressly consented to chemical testing when he applied for a driver's license or because he was deemed to have given his consent under the implied consent law. (People v. Arredondo (2016) 245 Cal.App.4th 186, 199 Cal.Rptr.3d 563, review granted June 8, 2016, S233582.)

See footnote *, ante .